IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANA AEA,                                          No. C-09-4278 TEH (PR)

    Petitioner,

    v                                          ORDER OF DISMISSAL

PAUL COPENHAVER, Warden, et al,

    Respondent(s).            (Doc. #2)
_____/

    Petitioner, a federal prisoner currently incarcerated at the Federal Corrections Institution ("FCI"), Dublin, and proceeding pro se, has filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the execution of her federal prison sentence. Doc. #1. Petitioner is in the custody of the Bureau of Prisons ("BOP") serving a sixty month sentence after she pled guilty in February 2009 to distributing fifty or more grams of methamphetamine; her projected release date is September 22, 2013. Id. at 2. She has paid the $5.00 filing fee, rendering her application for leave to proceed in forma pauperis (Doc. #2) moot.

    As explained below, the Petition is subject to dismissal

for failure to exhaust administrative remedies.

I

Although § 2241 does not specify that petitioners must exhaust available remedies before filing petitions for a writ of habeas corpus, the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." <u>Laing v. Ashcroft</u>, 370 F.3d 994, 997 (9th. Cir 2004).

The BOP has established procedures by which prisoners can seek review of "an issue relating to any aspect" of their confinement, thereby satisfying the administrative exhaustion requirement. 28 C.F.R. § 542.10. The procedures apply to all prisoners in programs operated by the BOP. <u>Id.</u> The first level of review is "Informal Resolution" at the institutional level. <u>Id.</u> § 542.13. A prisoner who is not satisfied with the Warden's response resulting from the Informal Resolution process may then submit an appeal to the Regional Director. <u>Id.</u> § 542.15. A prisoner who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel of the BOP. <u>Id.</u> Once the General Counsel responds to and signs the appeal, the prisoner has exhausted administrative remedies. See <u>id.</u> § 542.11.

Here, Petitioner states that she was "*in the process of exhausting her administrative remedy* through the BOP's administrative appeals process" when she filed the instant Petition, thereby conceding she did not exhaust her administrative remedies

2

prior to filing it.  Doc. #1 at 3, emphasis added.  Petitioner nonetheless urges the Court to waive the exhaustion requirement and consider the merits of her Petition.

## II

Because it is not a jurisdictional prerequisite, the exhaustion requirement may be waived in limited circumstances.  See Laing, 370 F.3d at 998 & 1000-01 (listing circumstances under which waiver of exhaustion requirement may be appropriate, which include "when:  (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a [petitioner] has raised a substantial constitutional question").

Here, Petitioner claims exhaustion would be futile "because the BOP issues a form letter of denial stating that the individual has been considered and denied based upon their individual RRC needs, while being told by [s]taff that they are being categorically denied."  Doc. #1 at 3.  Petitioner admits that "[r]esponses for those who have pursued administrative remedy reflect that they were considered on an individual basis" but claims, without offering any explanation why, "[t]hat is not the case."  Id. at 8.  Petitioner adds that because the "Deputy Director" is married to the warden, "[i]t is worst case Nepotism, where the Deputy Director is responsible for reviewing her husband's decisions, [such that] inmates cannot expect objective review of

3

their administrative remedy." Id at 3.  Completely lacking any evidentiary support, Petitioner's conclusory allegations that exhaustion would be futile are unpersuasive and insufficient to excuse her failure to exhaust administrative remedies.

## III

For the foregoing reasons, the Court finds Petitioner has not exhausted her administrative remedies and that she is not entitled to waiver of the exhaustion requirement.  Accordingly, the Petition for a Writ of Habeas Corpus under § 2241 is hereby DISMISSED without prejudice to Petitioner's filing a new habeas corpus action after exhausting the BOP's administrative appeals process.

The Clerk is directed to terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED 11/02/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.09\Aea-09-4278-BOP-dismiss-exhaustion.wpd

**4**